Per Curiam.

The sole issue raised by petitioner is that the court did not have jurisdiction over him because his indictment was returned by a grand jury not properly selected according to law.
This court had this precise question before it in State, ex rel. Burton, Pros. Atty., v. Smith, Judge, 174 Ohio St., 429. In that case, at page 434, it is stated:
*218 # It should be noted, however, that there [Huling v. State, 17 Ohio St., 583] this court held that irregularities in the selecting and drawing of grand jurors, not affecting their qualifications, could not be pleaded in abatement by the accused. Consistent with the decision in Ruling we agree that the decision m this case may not be used by one accused or already convicted for the purpose of invalidating any indictment returned by a grand jury heretofore selected by a judge in the manner employed by the respondent * * V’
Thus, under the terms of that decision, petitioner is not now entitled to be released by habeas corpus.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.